IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DALE SIMPSON**, | Case No. 3:13-cv-00584-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN,**<br>Acting Commissioner of Social Security, | |
| Defendant. | |

Steven Munson, 600 S.W. Broadway, Suite 405, Portland, OR 97205. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Jordan D. Goddard, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S. 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Mr. Dale Simpson ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB"). Because the Commissioner's decision was not based on the proper legal standards or supported by substantial evidence, the decision is REMANDED for further proceedings.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff was born in 1951. AR 129. He graduated from high school, worked in construction, and eventually ran his own construction contracting business, supervising up to ten people. AR 157. He testified that he closed down his business in 2004 due to lack of work.

PAGE 2 – OPINION AND ORDER

AR 53-54. He further testified that he would have continued working if there was available work. Although he had stopped working for other reasons, Plaintiff reported that his medical condition became severe enough to keep him from working as of July 1, 2007. AR 155. He applied for DIB on May 3, 2010, alleging disability beginning July 1, 2003. AR 37. At the time of application, Plaintiff alleged two disabling conditions: high blood pressure (diagnosed and treated starting in 2003), and hip pain following an injury in late February 2007. AR 155, 55. Plaintiff's claim was denied initially on June 4, 2010, and upon reconsideration on July 6, 2010. AR 37. An Administrative Law Judge ("ALJ") held a hearing on August 9, 2011. Plaintiff, who was represented, appeared and testified. *Id.* In a decision issued August 23, 2011, the ALJ found that Plaintiff had not established disability on or before September 30, 2007, his date last insured, and thus was not entitled to benefits. AR 34. Plaintiff's request for administrative review was denied by the Appeals Council on February 8, 2013, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of that decision.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

The ALJ found that Plaintiff's date last insured was September 30, 2007. AR 39. At step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period, from the alleged onset date of July 1, 2003, through his date last insured. AR 39. The ALJ found that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured. AR 41. There are no medical records related to Plaintiff's hip condition until September 2009, two years after the date last insured. AR 40. An imaging report from that month "show marked degenerative changes of the left hip with near complete loss of the superior joint space." AR 40. The ALJ noted that X-rays taken on April 7, 2011 showed "stable severe degenerative change of the left hip with superolateral subluxation," and an examining physician in June 2011 diagnosed "end stage degenerative arthritis" and recommended a "total hip arthroplasty." AR 40-41. The

PAGE 5 – OPINION AND ORDER

ALJ reported that Plaintiff "was noted to be getting progressively worse over the last three years." AR 40.

The ALJ noted that the Social Security regulations provide that medically determinable impairments "must be shown by medical evidence consisting of signs, symptoms, and laboratory findings," but "further provide that under no circumstances may the existence of impairment(s) be established on the basis of symptoms alone." AR 39. Because Plaintiff's medical records did not contain objective medical evidence that Plaintiff's hip problem was a severe impairment on or before the date last insured, the ALJ found Plaintiff not to be disabled at step two of the sequential analysis. AR 39-41.

## DISCUSSION

Plaintiff argues that the ALJ erroneously: (1) discredited the testimony of Plaintiff, and (2) failed to consider lay witness evidence in determining that Plaintiff was not under a medically determinable disability before September 30, 2007, his date last insured. Plaintiff argues that his testimony and a statement from a lay witness—his girlfriend, Linda Wilcox—offered sufficient proof that the onset of his severe impairment took place before the date last insured. The Commissioner contends that two issues Plaintiff now raises—the credibility of his own testimony and consideration of Ms. Wilcox's statement—are not relevant under step two of the analysis in the absence of any objective medical evidence before the date last insured that establishes impairment during the relevant period.

Although Plaintiff and the Commissioner raise the key issue—the onset date of the impairment—neither party addresses the ALJ's responsibility, under Social Security Ruling ("SSR") 83-20 and Ninth Circuit case law, to resolve an ambiguous onset date by calling on a medical expert. *See Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) ("[W]e reaffirm this court's previous holding that where a record is ambiguous as to the onset

PAGE 6 – OPINION AND ORDER

date of disability, the ALJ must call a medical expert to assist in determining the onset date." (citing SSR 83-20, *available at* 1983 WL 31249 (Jan. 1, 1983))).

In this case, the onset date of Plaintiff's impairment is ambiguous. The ALJ noted the evidence of "marked degenerative changes of the left hip" as of September 2009 and "stable severe" degenerative hip condition as of 2011, AR 40, but did not determine an onset date. Nor, in the alternative, did the ALJ reach an express finding that Plaintiff was not disabled at the time of application, rendering the determination of an onset date for his hip impairment unnecessary. If Plaintiff's hip condition is disabling, under the facts of this case, the ALJ's failure to call a medical expert was a legal error. *Armstrong*, 160 F.3d at 590. Thus, as explained below, this case is remanded for further proceedings to determine whether Plaintiff's hip condition is disabling and, if so, to determine the onset date of that disabling condition, which may require the ALJ to consult a medical expert.[1]

## A. Proving a Severe Medically Determinable Impairment

Under step two of the sequential analysis, a claimant bears the burden of proof that he has a "severe medically determinable" physical impairment, 20 C.F.R. § 404.1520(a)(4)(ii). The claimant must present "evidence from acceptable medical sources to establish whether [the claimant has] a medically determinable impairment." 20 C.F.R. § 404.1513. The claimant must present "complete and detailed objective medical reports of his or her condition from licensed medical professionals." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

A claimant's reported pain and symptoms alone are not enough to establish a "medically determinable" impairment: "A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of

---

[1] If the Court has misunderstood any relevant facts or law, either party may file a motion for reconsideration pursuant to Fed. R. Civ. P. 60.

symptoms." 20 C.F.R. § 404.1508. Symptoms are the patient's "own description of [his or her] physical or mental impairment." 20 C.F.R. § 404.1528(a). Signs are "abnormalities which can be observed, apart from your statements (symptoms)," and "must be shown by medically acceptable clinical diagnostic techniques." 20 C.F.R. § 404.1528(b). Laboratory findings must be shown by "medically acceptable laboratory diagnostic techniques," such as x-rays. 20 C.F.R. § 404.1528(b)-(c). The ALJ also must evaluate all medical opinions, which are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(b).

The earliest medical records relating to Plaintiff's hip condition are dated September 2009, almost two years after his date last insured. Dr. Steven M. Gibson examined Plaintiff on September 8, 2009, and noted that Plaintiff reported increasing left hip "discomfort, mainly when lying on it, but also after being up and using it for long periods." AR 242. Dr. Gibson's notes indicate that Plaintiff reported that he had first experienced the pain six months earlier. AR 244. Similarly, the September 2009 radiology report notes "pain for 6+ months." AR 216. These records approximate the onset of Plaintiff's hip pain at March 2009. After an April 2011 visit, however, an orthopedic report noted Plaintiff's left hip pain has been "getting progressively worse over the last three years." AR 350. Three years before that appointment was April 2008, approximately six months after Plaintiff's date last insured. This evidence does not conclusively establish the onset date of Plaintiff's hip condition.

At the outset of the hearing, the ALJ characterized the lack of objective medical evidence predating the date last insured as the "problem in a nutshell." AR 49. The ALJ found that

PAGE 8 – OPINION AND ORDER

"[t]hrough the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 CFR 404.1520(c))." AR 39. The ALJ thus summarily concluded at step two of the sequential analysis that Plaintiff was not under a disability during the relevant period.

The ALJ erred in making this determination because later objective medical evidence of disability may provide evidence to support a finding of disability before the date last insured. "[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) (alteration in original) (quoting *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (quotation marks omitted). "In fact, it is not uncommon that a physician's examination completed two or more years after the insured status expiration date is considered relevant." *Barnard v. Comm'r of Soc. Sec. Admin.*, 286 F. App'x 989, 994 (9th Cir. 2008); *see also McCartey v. Massanari*, 298 F.3d 1072, 1077 n.7 (9th Cir. 2002) (holding that the Appeals Council erred in determining that medical records after the date last insured were immaterial because they were probative of fact that claimant was disabled before the date last insured); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1461 n.5 (9th Cir. 1995) (noting that retrospective medical diagnoses are relevant to determining an onset date). Here, there is objective medical evidence of an impairment, and the evidence is ambiguous as to the onset date of that impairment.

**B. Determining the Onset of the Impairment**

The Commissioner argues that the lack of objective medical evidence to establish Plaintiff's impairment during his insurance coverage requires the rejection of his claim, citing *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing SSR 96-4p, *available at* 1996

PAGE 9 – OPINION AND ORDER

WL 374187 (July 2, 1996)). Unlike the claimant in *Ukolov*,[2] however, Plaintiff has established, and the ALJ concluded, that Plaintiff suffered from a medically determinable impairment *after* his date last insured. The issue is that the medical evidence in the record is inadequate to establish the onset date of that impairment. The ALJ's duty to develop the record fully is triggered when there is insufficient evidence in the record to establish the onset date. *Armstrong*, 160 F.3d at 589.

If Plaintiff's hip impairment is disabling,[3] the ALJ has a duty further to develop the record concerning the ambiguous onset date of Plaintiff's impairment. An ALJ "is required to use a medical advisor to assist in determining a claimant's disability onset date where the onset date needs to be inferred from medical evidence, such as when the onset of disability occurs sometime before the date of the first medical examination on record." SSR 83-20; *see also Armstrong*, 160 F.3d at 590. The ALJ must consider the medical expert's testimony and must "obtain all evidence which is available to make the determination. If medical evidence is not available, then lay evidence may be obtained." *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991). "Retrospective diagnoses by treating physicians and medical experts, contemporaneous medical records, and testimony from family, friends, and neighbors are all relevant to the determination of a continuously existing disability with onset prior to expiration of insured status." *Flaten*, 44 F.3d at 1461 n.5.

---

[2] Ukolov's treating physician did not reach any diagnosis despite a thorough neurological exam, and the doctor's records contained no reference to results from medically acceptable clinical diagnostic techniques that would support a finding of impairment. *Ukolov*, 420 F.3d at 1005-6.

[3] As discussed in Section C below, if Plaintiff's hip condition is not disabling, then the ALJ need not determine its onset date.

PAGE 10 – OPINION AND ORDER

In this case, if Plaintiff's hip condition is disabling, the ALJ must consult a medical expert to complete the record, and should consider Plaintiff's testimony as well as the lay testimony submitted by Plaintiff's girlfriend, Linda Wilcox,[4] in making a final determination as to the onset date of Plaintiff's disability.

## C.  If Plaintiff is Not Disabled

An ALJ is not required to use a medical expert to infer a disability onset date if the ALJ finds that the claimant is not disabled, even at the time of application. *Sam v. Astrue,* 550 F.3d 808, 809 (9th Cir. 2008) (holding that "SSR 83–20 does not require a medical expert where the ALJ explicitly finds that the claimant has never been disabled"); *see also Brinegar v. Astrue*, 337 F. App'x 711, 712 (9th Cir. 2009) (holding that because the ALJ found the claimant "was not disabled . . . at any time through the date of this decision," the ALJ was not required to use a medical expert); *Barnard*, 286 F. App'x 991; *Albrecht v. Astrue*, 2012 WL 4361314 at *7 (D. Ariz. Sept. 25, 2012).

Here, the ALJ did not expressly find Plaintiff was not disabled. The ALJ made findings only on the first two steps of the five-step sequential analysis used to determine disability. Although the ALJ concluded his analysis at Step 2, in the hearing the ALJ solicited testimony relevant to steps three through five.

Upon remand, the ALJ must either: (1) determine the onset date of Plaintiff's hip impairment and, if it is before Plaintiff's date last insured, then determine whether Plaintiff was disabled before the date last insured; or (2) determine whether Plaintiff's hip condition currently

---

[4] Plaintiff submitted a statement from Ms. Wilcox, who lives with Plaintiff, at the hearing before the ALJ on August 9, 2011. AR 48. At the hearing, the ALJ accepted Ms. Wilcox's letter and said it would be added to the record. AR 49. The letter, however, does not appear in the record forwarded to the Court and should be added to the record and considered.

causes him to be disabled and, if so, then determine the onset date to see if it is before the date last insured.

**D. Remand**

Because there are outstanding issues that need to be addressed, the Court is remanding for further proceedings consistent with this Opinion. A remand for an award of benefits is not appropriate because the record has not been fully developed and further proceedings may remedy the identified defects. *See Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1137-38 (9th Cir. 2011); *Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir.1981).

## CONCLUSION

The decision by the Commissioner is REMANDED for further proceedings.

**IT IS SO ORDERED**.

DATED this 6th day of November, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge